UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES P. MEST,

                                        Plaintiff,

            v.

USDA FSIS DR. MAURINA NAGUIB, DDM,
USDA FSIS ANTONY PICCIONE, FLS,
USDA FSIS KEVIN INGRAM, IIC,
LISA INGRAM, I,
DR. GORDON CRAFTS, PHV, and
DR. ROWHIE SHAMAA, SPHV,

                                        Defendants.
_____

|  |  |
|---|---|
| | **REPORT** |
| | **and** |
| | **RECOMMENDATION** |
| | |
| | **08-CV-00416A(F)** |

APPEARANCES:          JAMES P. MEST, *Pro Se*
                      430 Rt. 20A
                      Strykersville, New York 14145

                      WILLIAM J. HOCHUL, JR.
                      United States Attorney
                      Attorney for Defendants
                      JANE B. WOLFE
                      Assistant United States Attorney, of Counsel
                      Federal Centre
                      138 Delaware Avenue
                      Buffalo, New York  14202


## JURISDICTION

      This case was referred to the undersigned by Honorable Richard J. Arcara on

January 22, 2009, for all pretrial matters, including report and recommendation on

dispositive motions.  The matter is presently before the court on Defendants' motion to

dismiss (Doc. No. 13), filed January 20, 2009.

<u>**BACKGROUND and FACTS**</u>[1]

Plaintiff James P. Mest ("Plaintiff" or "Mest"), proceeding *pro se*, commenced this action on June 4, 2008, alleging Defendants, all employees of the United States Department of Agriculture ("USDA"), charged with enforcing regulations promulgated under the Federal Meat Inspection Act ("FMIA" or "the Act"), regarding the inspection of meat prior to its distribution into commerce to assure the meat is clean, wholesome, unadulterated, and properly labeled, in violation of Plaintiff's civil rights and the Federal Tort Claims Act ("the FTCA"), failed to follow proper inspection procedures with regard to a meat slaughter, packing, and processing plant of which Plaintiff is the president, *i.e.*, William G. Mest Packing Co., Inc. ("the Plant"), located in Strykersville, New York. Named as defendants in this action are USDA Food Safety and Inspection Service ("FSIS") Deputy District Manager ("DDM") Dr. Maurina Naguib ("DDM Dr. Naguib"), USDA FSIS Front Line Supervisor ("FLS") Antony Piccione ("FLS Piccione"), USDA FSIS Inspector in Charge ("IIC") Kevin Ingram ("IIC Ingram"), Inspector Lisa Ingram ("Inspector Ingram"), Public Health Veterinarian ("PHV") Dr. Gordon Crafts ("PHV Dr. Crafts"), and Supervisory Public Health Veterinarian ("SPHV") Dr. Rowhie Shamaa ("SPHV Dr. Shamaa").

Plaintiff essentially alleges that Defendants failed to follow relevant FMIA regulations, resulting in Defendants wrongfully issuing several false Non-Compliance Reports ("NCRs"), and then refused to withdraw such NCRs, resulting in the Plant's closure for several days, and causing Plaintiff to lose business and injuring Plaintiff's

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

reputation.  Following the issuance of the NCRs, Plaintiff exhausted, unsuccessfully, his administrative remedies regarding the FSIS determinations.  Plaintiff seeks to have plant records containing the challenged NCRs expunged, Defendants removed from their positions overseeing the Plant, and money damages for unrealized business and personal loss, as well as attorney fees.

On June 23, 2008, Plaintiff filed a motion (Doc. No. 4), for an order directing service by the U.S. Marshal Service, and the motion was granted on July 3, 2008 (Doc. No. 5).  On July 7, 2008, blank summons forms for marshal service were forwarded to Plaintiff with instructions for Plaintiff to complete the summons and return them to the Clerk's Office for service by the U.S. Marshal Service.  Summons were returned executed by IIC Ingram and Inspector Ingram on September 3, 2008 (Doc. No. 6), and by Dr. Shamaa on September 8, 2008 (Doc. No. 7).

On January 20, 2009, Defendants filed the instant motion (Doc. No. 13) ("Defendants' Motion") seeking to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(5) for failure to properly and timely serve Defendants, and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Defendants' Motion is supported by the attached Affidavit of Assistant United States Attorney Jane B. Wolfe ("AUSA Wolfe") (Doc. No. 13-2) ("AUSA Wolfe Affidavit"), and exhibits A through D (Doc. Nos. 13-3 to 13-6) ("Defendants' Exh(s). __"), and a Memorandum of Law in Support of Defendants' Motion for Dismissal (Doc. No. 14) ("Defendants' Memorandum").

On April 27, 2009, Plaintiff filed a Response to Motion to Dismiss and Amended Claim (Doc. No. 19) ("Plaintiff's Response"), with attached exhibits.  On June 22, 2009,

Defendants filed Defendants' Memorandum of Law in Reply to Plaintiff's Response to Dismissal and Amended Claim (Doc. No. 21) ("Defendants' Reply"). On November 5, 2009, unexecuted summonses were returned at to Defendants PHV Crafts (Doc. No. 22), FLS Piccione (Doc. No. 24), and DDM Dr. Naguib (Doc. NO. 25). Oral argument was deemed unnecessary.

Based on the following, Defendants' motion to dismiss should be GRANTED.

## DISCUSSION

Defendants move pursuant to Fed. R. Civ. P. 12(b) ("Rule 12(b)") to dismiss the Complaint for lack of subject matter jurisdiction (Rule 12(b)(1)), failure to properly and timely serve Defendants (Rule 12(b)(5)), and for failure to state a claim upon which relief can be granted (Rule 12(b)(6)). In particular, Defendants maintain that Plaintiff's claims under the FTCA should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because the FTCA's waiver of sovereign immunity is not available for intentional tort actions, or violations of federal statutes or regulations, as alleged in the instant action. Defendants' Memorandum at 37-40. Defendants argue that insofar as Defendants are sued in their official capacity as federal employees, Plaintiff has failed to effect proper service on the United States, and insofar as Defendants are sued in their individual capacities, Plaintiff has failed to effect proper service, such that the action should be dismissed under Rule 12(b)(5). *Id*. at 5-8. Finally, Defendants argue pursuant to Rule 12(b)(6) that the Complaint fails to state a claim because no civil rights action pursuant to 42 U.S.C. § 1983 lies against the federal government, its agencies or employees, *id*. at 8-9, the statutory scheme for reviewing actions by federal food safety

inspectors pursuant to the FMIA precludes creation of a *Bivens* claim, *id.* at 9- 24, that

even if Plaintiff could state a *Bivens* claim, Plaintiff has failed to allege a violation of any

constitutional right, *id.* at 24-27, 33-35, that Defendants would be qualifiedly immune

from liability on such claim, *id.* at 27-32, and that Plaintiff cannot base his FTCA claims

upon alleged violations of federal statute or regulation, *id.* at 39-40.

In opposition to Defendants' Motion, Plaintiff attempts to file an amended

complaint, in which Plaintiff again alleges Defendants failed to follow regulations

promulgated under the FMIA in issuing the challenged NCRs, and provides additional

facts in support.  Plaintiff's Response at 2-6.  In further support of Defendants' Motion,

Defendant argues that Plaintiff's putative attempt to amend the Complaint is both

untimely and fails to request leave to do so, Defendants' Reply at 2, and asserts that

Plaintiff's action would more properly be brought under the Administrative Procedures

Act ("the APA"), *id.* at 2-3, that Plaintiff still has failed to allege a violation of a

constitutional right, *id.* at 3-7, and that Defendants are qualifiedly immune from any

liability in this action, *id.* at 7-10.


**1.      Motion to Amend the Complaint**

Preliminarily, the court addresses Plaintiff's attempt to amend the Complaint by

asserting, in response to Defendants' Motion, that such response constitutes an

amended complaint.  Plaintiff's Response at 1 ("Please accept this as my amended

complaint and rebuttal to the motion to dismiss by the defendants.").  Defendants

maintain that Plaintiff failed to follow the proper procedure for filing an amended

complaint given that a responsive pleading has already been filed in this case, requiring

Plaintiff to seek leave of the court before filing an amended complaint. Defendants'
Reply at 2.

Although Plaintiff's Response, filed on June 22, 2009, was filed more than one
year after the initial Complaint was filed on June 4, 2008, and after Defendants Motion
seeking dismissal of the Complaint was filed, Defendants' Motion does not constitute a
responsive pleading, and no answer has yet been filed. *See Thompson v. Carter*, 284
F.3d 411, 415 n. 2 (2d Cir. 2002) (observing that a motion to dismiss is not a responsive
pleading and that, pursuant to Fed. R. Civ. P. 15(a), a party may amend as a matter of
right at any time before a responsive pleading is served). As such, Defendant's Motion
to dismiss does not preclude Plaintiff from filing an amended complaint as a matter of
right. *Id*.

Plaintiff was not required to seek leave of the court to file an amended complaint.
Plaintiff, however, did not file, either as a separate document or as an exhibit to
Plaintiff's Response, a proposed amended complaint. Nevertheless, a fair reading of
Plaintiff's Response indicates that the only amendment to the Complaint is a
clarification that it is Plaintiff's intention to sue all Defendants in both their official and
individual capacities. Plaintiff's Response at 2. Further, courts are required to broadly
construe pleadings and all filings of *pro se* litigants, *Erickson v. Pardus*, 551 U.S. 89, 94
(2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint,
however inartfully pleaded, must be held to less stringent standards than formal
pleadings drafted by lawyers" (internal quotations omitted)); *Ajilani v. Chertoff*, 545 F.3d
229, 235 (2d Cir. 2008) (acknowledging district court, "[c]onsistent with its obligation to
construe *pro se* filings liberally," reasonably treated *pro se* plaintiff's filing in opposition

to motion to dismiss, in which plaintiff expanded the relief requested, as an amendment to the complaint).  The court thus considers Plaintiffs' Response as amending the Complaint by alleging additional facts clarifying Plaintiff's intent to sue all Defendants in both their official and individual capacities.

**2.     Lack of Subject Matter Jurisdiction**

Defendants maintain Plaintiff's claims under the FTCA should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because the FTCA's waiver of sovereign immunity is not available for intentional tort actions.  Defendants' Memorandum at 37-39.  Plaintiff has not responded to this portion of Defendants' argument.

Actions against federal employees for negligence or wrongful acts or omissions of such employees while acting within the scope of employment are nor permitted; rather, such actions may only be brought against the United States under the Federal Torts Claims Act ("FTCA"), which provides that the district courts shall have exclusive jurisdiction of civil actions on claims against the United States for, *inter alia*, money damages, or loss of property, caused by the negligent or wrongful act or omission, of any Government employee while acting within the scope of his office or employment, "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346 (" § 1346").  Where a federal employee is sued, the United States Attorney for the district in which the civil action is commenced "is authorized to make the statutory certification that the Federal employee was acting

within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose." 28 C.F.R. § 15.4(a). Following such certification, the action lies only against the United States, and the United States must be substituted as the party defendant to the action. 28 U.S.C. § 2679(d)(1). In the instant case, Defendants maintain, Defendants' Memorandum at 37, and Plaintiff does not dispute, that the requisite United States Attorney certification has been made as to all Defendants, submitting in support a copy of such certification. Defendants' Exh. D. Thus, the United States must be substituted as the proper party defendant.

"'It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'" *United States v. Navajo Nation*, 537 U.S. 488, 502 (2003) (quoting *U.S. v. Mitchell*, 463 U.S. 206 212 (1983)). Congress has given limited consent to suit under the FTCA, which "does not create new causes of action, but only waives immunity under circumstances that would create liability 'in the manner and to the same extent as a private individual under like circumstances.'" *Dorking Genetics v. United States*, 76 F.3d 1261, 1266 (2d Cir. 1996) (quoting 28 U.S.C. § 2674). If a claim is cognizable under § 1346(b), the FTCA provides the exclusive remedy. *F.D.I.C. v. Meyer*, 510 U.S. 471, 476 (1994).

The particular elements of an FTCA claim require that the claim must be

"'[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'"

*Dorking Genetics*, 76 F.3d at 1264 (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994) (quoting 28 U.S.C. § 1346(b)).

A claim failing to state all six elements of § 1346(b), or otherwise exempted from § 1346(b), absent some other waiver of sovereign immunity, must be dismissed for lack of subject matter jurisdiction. *Dorking Genetics*, 76 F.3d at 1264 (citing cases).

Insofar as a liberal reading of the Complaint can be construed as alleging injuries as a result of false statements in the NCRs made by Defendants, as agents of the United States, resulting in lost income and damage in Plaintiff's reputation, such claims are within the intentional tort exception to the FTCA's sovereign immunity waiver, 28 U.S.C. § 2680(h), barring, as relevant, all claims "arising out of . . . libel, slander, [or] misrepresentation . . . ." *See Lipkin v. U.S. S.E.C.*, 468 F.Supp.2d 614, 624 (S.D.N.Y. 2006) (holding tort claims brought by corporate officers against United States alleging slander, libel, fraud, and perjury by Securities and Exchange Commission attorneys in civil prosecution barred under FTCA intentional tort exclusion). As such, Plaintiff's claims are barred by the limitations contained in the FTCA and the court lacks subject matter jurisdiction over Plaintiff's claims for injuries allegedly resulting from false statements in the NCRs issued by Defendants.

Accordingly, the court is without subject matter jurisdiction over Plaintiff's FTCA claims, as to which Defendants' Motion should be GRANTED .

**3.      Failure to Effect Service**

Defendants argue that insofar as Defendants are sued in their official capacity as federal employees, Plaintiff has failed to effect proper service on the United States, and insofar as Defendants are sued in their individual capacities, Plaintiff has failed to effect proper service on the individual Defendants, such that the action should be dismissed

under Rule 12(b)(5).  Defendants' Memorandum at 5-8.  Plaintiff, in opposition, clarifies it was his intention to sue all Defendants in both their official and individual capacities, and attributes the improper service to the fact Plaintiff is not an attorney, and was in a hurry when completing the forms for service.  Plaintiff's Response at 2.

Insofar as Plaintiff is suing the United States, Plaintiff was required to serve the United States by delivering a copy of the summons and complaint to the United States Attorney for the Western District of New York, and sending a copy of each by registered or certified mail to the United States Attorney General.  Fed. R. Civ. P. 4(i)(1).  For an action against Defendants in their official capacities as federal employees, Plaintiff was required to serve the United States pursuant to Fed. R. Civ. P. 4(i)(1), and also to send a copy of the summons and complaint by registered or certified mail to the employee.  Fed. R. Civ. P. 4(i)(2).   For an action against Defendants in their individual capacities, Plaintiff was required to serve the United States pursuant to Fed. R. Civ. P. 4(i)(1), and also to serve the employee under Fed. R. Civ. P. 4(e).  Fed. R. Civ. P. 4(i)(3).  In the instant case, however, Defendants maintain, and Plaintiff does not dispute, that Plaintiff served on the United States Attorney only the summons and complaint for Defendant Lisa Ingram, AUSA Wolfe Affidavit ¶ 10, and the United States Attorney General was served with only the summons and complaint for Defendant Kevin Ingram.  AUSA Wolfe Affidavit ¶ 11.  As such, the United States was not properly served with the summons and complaint for any of the Defendants.  Further, Defendant Crafts, who retired in July 2007 and is no longer employed by the USDA FSIS, has not been personally served but, rather, received only a copy of the summons and complaint that was forwarded by Crafts's former employer. *Id*. ¶ 7.

Moreover, the complaint is to be served within 120 days after it is filed, of it may be dismissed with prejudice absent good cause shown by Plaintiff for failing to timely serve. Fed. R. Civ. P. 4(m). Although the undersigned, by order filed July 3, 2008 (Doc. No. 5), directed service by the U.S. Marshal Service, with blank summons forms for marshal service forwarded to Plaintiff on July 7, 2008 with instructions for Plaintiff to complete the summons and return them to the Clerk's Office for service by the U.S. Marshal Service, Plaintiff provides no explanation as to why such service was never effected. Because Plaintiff filed the Complaint on June 4, 2008, Plaintiff was required to effectuate service by October 3, 2008, and Plaintiff's failure to do so, in the absence of any explanation establishing good cause, requires its dismissal.

Accordingly, the Complaint should be dismissed as against all Defendants based on Plaintiff's failure to timely effectuate service.


**4.      Failure to State a Claim**

Defendants argue pursuant to Rule 12(b)(6) that the Complaint fails to state a claim because no civil rights action pursuant to 42 U.S.C. § 1983 lies against the federal government, its agencies or employees, *id*. at 8-9, the statutory scheme for reviewing actions by federal food safety inspectors pursuant to the FMIA precludes creation of a *Bivens* claim, *id*. at 9- 24, that even if Plaintiff could state a *Bivens* claim, Plaintiff has failed to allege a violation of any constitutional right, *id.* at 24-27, 33-35, that Defendants would be qualifiedly immune from liability on such claim, *id.* at 27-32, and that Plaintiff cannot base his FTCA claims upon alleged violations of federal statute or regulation, *id.* at 39-40. In opposition, Plaintiff argues that under the standard

articulated by the Supreme Court, a *Bivens* action may be stated against USDA employees in circumstances similar to those in the instant case. Plaintiff's Memorandum at 2-3. Plaintiff also references New York Civil Rights Law § 15 (McKinney's 2009) ("N.Y. Civ. Rights Law § 15"), and New York Penal Law § 175.30 (McKinney's 1998) ("N.Y. Penal Law § 175.30"), as providing the statutory basis for his FTCA claim. Plaintiff's Response at 3.

On a motion to dismiss under Rule 12(b)(6), the court looks to the four corners of the complaint and is required to accept the plaintiff's allegations as true and to construe those allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (court is required to liberally construe the complaint, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor). Two recent Supreme Court cases require application of "a 'plausibility standard,' which is guided by '[t]wo working principles.'" *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and quoting *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009)). "First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris*, 572 F.3d at 72 (quoting *Iqbal*, 129 S.Ct. at 1949). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss,' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the review court to draw on its judicial experience and common sense.'" *Id*. (quoting *Iqbal*, 129 S.Ct. at 1950).

Despite *Twombly*, courts remain obligated to liberally construe a *pro se* complaint. *Harris*, 572 F.3d at 72 (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The factual allegations of the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 570.

### A.     Civil Rights Claim

As stated, Defendants maintain that the Complaint fails to state a claim because no civil rights action pursuant to 42 U.S.C. § 1983 lies against the federal government, its agencies or employees, *id*. at 8-9, the statutory scheme for reviewing actions by federal food safety inspectors pursuant to the FMIA precludes creation of a *Bivens* claim, *id.* at 9- 24, and that even if Plaintiff could state a *Bivens* claim, Plaintiff has failed to allege a violation of any constitutional right, *id.* at 24-27, 33-35. Plaintiff argues in opposition that under the standard articulated by the Supreme Court in *Wilkie v. Robbins*, 551 U.S. 537 (2007), a *Bivens* action may lie against USDA employees in circumstances similar to the instant case.

Preliminarily, the court observes that a civil rights action pursuant to 42 U.S.C. § 1983 lies only against state actors acting under color of state law, *Connecticut v. Gabbert*, 526 U.S. 286, 290 (1999) ("Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal

rights."), and does not lie against the federal government, its agencies, or employees. *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n. 4(2d Cir. 1991) (an action brought pursuant to § 1983 "cannot lie against federal officers."). As such, insofar as Plaintiff denominates his civil rights claim as asserted pursuant to 42 U.S.C. § 1983, the claim should be dismissed for failure to state a claim. Nevertheless, given that Plaintiff is *pro se*, and in light of the Supreme Court's instruction that pleadings of *pro se* litigants are to be broadly construed, *Erickson*, 551 U.S. at 94, the court construes the Complaint as asserting a *Bivens* action.[2] *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (holding where a plaintiff erroneously files a § 1983 claim against federal defendants, the court properly construes the complaint as stating a cause of action under *Bivens*).

Although Plaintiff indicated it is his intention to sue all Defendants in both their official and individual capacities, the United States has never waived its sovereign immunity with regard to constitutional tort claims for money damages. *Robinson*, 21 F.3d at 510. As such, Plaintiff's *Bivens* claims are construed as against Defendants only in their individual capacities. *Id*.

"A *Bivens* action is a blunt and powerful instrument for correcting constitutional violations and not an 'automatic entitlement' associated with every governmental infraction." *Benzman v. Whitman*, 523 F.3d 119, 125 (2d Cir. 2008) (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)). The purpose of a *Bivens* cause of action "is to

---

[2] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court held that a federal cause of action for violation of a federally protected constitutional right, there, the Fourth Amendment, was implied by the specific constitutional protection at issue allowing recovery of money damages against federal officers acting under color of federal law.

deter unconstitutional behavior by individual federal officials." *Id*. (citing *Carlson v. Green*, 446 U.S. 14, 21 (1980). As such, "[t]he Supreme Court has cautioned 'hesitation' before 'authorizing a new kind of federal litigation' in the *Bivens* context." *Id*. (quoting *Wilkie*, 551 U.S. at 550 (further internal quotation marks omitted)). Furthermore, the existence of an adequate alternative remedy, including a comprehensive remedial scheme, precludes the creation of a *Bivens* claim. *Dotson v. Griesa*, 398 F.3d 156, 167 (2d Cir. 2005) (the overall comprehensiveness of a statutory scheme at issue, rather than the adequacy of the particular remedies afforded, counsels judicial caution in implying existence of a *Bivens* action). *See also Benzman*, 523 F.3d at 125-26 (observing hesitancy to recognize *Bivens* cause of action where alternative remedial scheme exists). In the instant case, the FMIA provides the very kind of alternative remedial scheme that counsels against the creation of a new *Bivens* cause of action.

Specifically, "Congress has not explicitly created any direct right of action against USDA employees alleged to have committed constitutional violations." *Nebraska Beef, Ltd. v. Greening*, 398 F.3d 1080, 1084 (8th Cir. 2005). "Second, the USDA has promulgated a comprehensive regulatory scheme pursuant to the FMIA that includes the right to judicial review under the APA." *Id*. "Finally, Congress has created a stringent exhaustion requirement for grievances filed against USDA employees, which further evidences its intent to have grievances aired to and addressed by the agency prior to [the court's] review." *Id*. (citing 7 U.S.C. § 6912(e) (requiring exhaustion of administrative remedies prior to commencing any action against the USDA)). In fact, *Bivens* claims have been recognized only in the context of the Fourth Amendment,

15

*Bivens*, 403 U.S. at 398, the equal protection component of the Fifth Amendment,

*Davis v. Passman*, 442 U.S. 228, 243-44 (1979), and the Eighth Amendment, *Carlson*

*v. Green*, 446 U.S. 14, 18-19 (1980). As such, there is no basis for extending a *Bivens*

remedy to the context of a due process claim against USDA employees based on the

issuance of alleged faulty NCRs. *Nebraska Beef, Ltd.*, 398 F.3d at 1084.

Moreover, in the instant case, Plaintiff states that he has, "to the best of our

knowledge," exhausted his administrative remedies, "beginning with the Inspector in

Charge, through to the Office of General Council [*sic*] without resolution as shown in

supporting documentation." Plaintiff's Response at 4. Attached to Plaintiff's Response

are numerous exhibits documenting that Plaintiff has, in fact, exhausted administrative

remedies under the FMIA. In particular, by letter dated March 22, 2007, one Richard A.

Raymond, M.D. ("Dr. Raymond"), USDA Under Secretary, Office of Food Safety,

advised that the USDA's investigation into the matter was final, and that if Plaintiff

wished to seek reimbursement of business costs incurred as a result of the challenged

inspections and NCRs, Plaintiff could file a tort claim using "standard form 95"[3] which

was enclosed with the letter. Plaintiff's Exh. at 15. The record thus establishes that, in

contrast to Plaintiff's assertions, Plaintiff received all process due under the FMIA.

Plaintiff's next step, if he wishes to pursue the matter further, would be to commence an

action under the APA to set aside the USDA's actions as "arbitrary, capricious, an

---

[3] Although not discussed by the parties, the court's research indicates that a "Standard Form 95" is used to commence an action pursuant to the FTCA. *See* 28 C.F.R. § 14.2(a) ("For purposes of the provisions of [the FTCA], a claim shall be deemed to have been presented when a Federal agency receives from the claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a cum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." (bracketed material added)).

abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A).

*See Edwards v. U.S. Dept. of Agr.*, 584 F.Supp.2d 595, 598 (W.D.N.Y. 2008)

(construing under the APA plaintiff's claim that defendant USDA employees wrongfully

denied plaintiff benefits under a USDA program).


### B. Qualified Immunity

Alternatively, Defendants argue that they are qualifiedly immune from liability on

any *Bivens* claim because their conduct did not violate any clearly established

constitutional or statutory rights of which a reasonable person would have known at the

time of the challenged conduct. Defendants' Memorandum at 27-35. According to

Defendants, at all times relevant to this action, Defendants had no reason to believe

their actions were not authorized by the FMIA. *Id*. At 35. Plaintiff has not responded to

this argument.

Qualified immunity shields law enforcement officials who perform discretionary

functions from liability if their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable prison official would have known. *Harlow v.

Fitzgerald*, 457 U.S. 800, 806 (1982); *Washington Square Post No. 1212 v. Maduro*,

907 F.2d 1288, 1291 (2d Cir. 1990). Even if the right at issue were clearly established,

if it was objectively reasonable for the defendant to believe that his act did not violate

the plaintiff's constitutional rights, the defendant may nevertheless be entitled to

qualified immunity. *Saucier v. Katz*, 533 U.S.194, 201-02 (2001); *Anderson v.

Creighton*, 483 U.S. 635, 641 (1987); *Lowth v. Town of Cheektowaga*, 82 F.3d 563,

568-69 (2d Cir. 1996); *Van Emrik v. Chemung County Dep't of Soc. Servs.*, 911 F.2d

863, 865-66 (2d Cir.1990); *Robison v. Via*, 821 F.2d 913, 920-21 (2d Cir. 1987).

A right is clearly established if (1) it was defined with reasonable specificity, (2) its existence has been affirmed by either the Supreme Court or the relevant court of appeals, and (3) a reasonable defendant official would have understood under the existing law that his acts were unlawful. *Brown v. City of Oneonta, N.Y. Police Dep't*, 106 F.3d 1125, 1131 (2d Cir. 1997). In the instant case, to date, neither the Supreme Court, nor any Circuit Court of Appeals, most particularly, the Second Circuit, has recognized a USDA employee's violation of the FMIA as constituting a violation of a constitutional right, including a Fifth Amendment due process right. Accordingly, such right was not clearly established when the challenged conduct occurred, and Defendants are entitled to qualified immunity on the *Bivens* claim.


### C.    FTCA Claim

Defendants maintain Plaintiff's claims under the FTCA should be dismissed under Rule 12(b)(6) for failure to state a claim because violations of federal statutes or regulations, as alleged in the instant action, cannot support an FTCA claim. Defendants' Memorandum at 39-40. According to Defendants, any remedy for Plaintiff's claims that USDA FSIS officials failed to conform to regulations and directives promulgated under the FMIA is available only under the APA. *Id*. at 39. In opposition, Plaintiff references N.Y. Civ. Rights Law § 15 and N.Y. Penal Law § 175.30, as providing the statutory basis for the relief sought in this action. Plaintiff's Response at 3.

With regard to Plaintiff claims that USCA FSIS officials failed to comply with the

relevant regulations and directives promulgated pursuant to the FMIA, the remedy for a failure to conform to federal regulations and directives is under the Administrative Procedure Act, rather than the FTCA.  In particular, it is a violation of state law, rather than a violation of a federal regulation, that gives rise to an FTCA claim given that the federal courts "have consistently held that § 1346(b)'s reference to the 'law of the place' means law of the State - the source of substantive liability under the FTCA."  *Meyer*, 510 U.S. at 477-47 (citing cases).  *See also In re World Trade Center Disaster Site Litigation*, 521 F.3d 169, 189 n. 23 (2d Cir. 2008) ("The FTCA applies when the government is sued for state-law based torts . . . .").  Given the Plaintiff's FTCA claim is predicated on alleged violations of federal regulations, rather than state law, such allegations fail to state a claim under the FTCA.

Plaintiff's reliance on two state statutes in support of the FTCA claim is also misplaced.  In particular, N.Y. Penal Law § 175.30, which criminalizes the offering of a false instrument for filing, is misplaced insofar as a criminal statute provides no basis for civil liability.  *See Ippolito v. Meisal*, 958 F.Supp. 155, 167 (S.D.N.Y. 1997) (holding plaintiff could not rely on criminal statute that did not provide civil remedies to support private cause of action).  Further, because N.Y. Civ. Rights Law § 15 states that "a citizen shall not be deprived of the right to appeal to the legislature, or to any public officer, board, commission or other public body, for the redress of grievances, on account of employment in the civil service of the state or any of its civil divisions or cities," and as Defendants are all federal employees, N.Y. Civ. Rights Law § 15 is not, by its terms, applicable to this action.  Accordingly, Plaintiff has failed to state a claim under the FTCA.  Moreover, as discussed, Discussion, *supra*, at 16-17, Plaintiff has not

alleged Defendants deprived him of any right to appeal to a federal legislative or executive branch body or officer.

## **CONCLUSION**

Based on the foregoing, Defendants' motion (Doc. No. 13), should be GRANTED; the Clerk of the Court should be directed to close the file.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    March 30, 2010
          Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** Thomas v. Arn, 474 U.S. 140 (1985); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); Wesolek v. Canadair Limited, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ Leslie G. Foschio

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:     March 30, 2010
           Buffalo, New York